UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERRANCE HENDERSON,

                              Plaintiff,

        -against-

GOLDEN CORRAL SYSTEMS, INC., *et al.*,

                              Defendants.

19-CV-2878 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action arising out of her role as a franchisee of a Golden Corral restaurant in Poughkeepsie, New York. By order dated April 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), has its limits, however, because *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action arises out of a franchisee agreement Plaintiff entered into with Golden Corral Inc. (GC) to manage a GC restaurant in Poughkeepsie, New York. Plaintiff submits a complaint captioned for New York Supreme Court, Dutchess County, and alleges that Defendants discriminated against her because she is African American and a woman, violating New York State laws. She also alleges that Defendants violated the civil provision of the Racketeering Influenced and Corrupt Organizations Act (RICO).

Plaintiff is a resident of New Jersey and Georgia. (Compl. at 34.) She names as defendants GC, a North Carolina corporation; TD Bank, headquartered in New Jersey; Lance Trenary, GC CEO and North Carolina resident; Niral Patel, a New York resident; and two John Doe defendants, both of whom reside in either New York, Georgia, North Carolina, or Canada.

The following facts are taken from the 239-page complaint: In 2013, Plaintiff signed a franchise agreement to run a GC restaurant in Poughkeepsie, New York. In 2014, Sam Starling, GC Vice President of Franchisee Finance, "instructed/told/ordered Plaintiff to use TD Bank . . . for 'ONLY' a Small Business Administration [SBA]. . . loan because Plaintiff had 'good credit,' in excess of 2 million (2,000,000) dollars in cash and no mortgage on her 1.7 million dollar home in . . . Georgia." (Compl. at 4.) On an unspecified date, "Plaintiff was led by her attorney, Donnie Solon, to sign a bogus and baseless leasing agreement with Afran Realty owned by Anthony Segreti." (*Id.* at 6.)

From May 2016 until September 2017, Plaintiff oversaw the construction of the GC restaurant, during which time TD Bank failed to make timely payments to the construction companies, including to National Consulting and Development, Inc. (NCD). Also during this time, "TD Bank loan had not been finalized/completed and totally fulfilled by TD Bank." (*Id.* at 7.) As a result,

> the actions of TD [Bank] of not paying on a[n] SBA loan that Plaintiff was already funded, increased disdain among NCD, subcontractors, and Poughkeepsie Town board community members.

(*Id.*)

Although construction was still ongoing, the restaurant opened in January 2017, and closed sometime in November 2018. From the time that Plaintiff entered into the agreement with GC, until the closing of the restaurant, she requested help with training. To the extent she received assistance from GC, she ended up spending money that "caused a financial hardship

on" her and her restaurant. (*Id.* at 9.) GC also undermined her authority and sent Plaintiff representatives who essentially acted as spies for GC. (*Id.* at 10.)

GC eventually terminated the franchisee license agreement.

Plaintiff seeks $350,000,000 in money damages.

On June 22, 2018, TD Bank removed from New York Supreme Court, Dutchess County, an action brought by NCD against TD Bank, Plaintiff, and Cornucopia Queen, Inc., Plaintiff's company. NCD alleged "that it entered into a contract with Cornucopia to construct a Golden Corral restaurant at an agreed price of $3,140,072.68." *Nat. Consulting & Develop., Inc. v. Cornucopia Queen, Inc.*, No. 18-CV-5699 (KMK) (S.D.N.Y.). NCD has moved for a default judgment against Cornucopia Queen. *Id.* (ECF Nos. 17, 18.) According to the docket sheet, Plaintiff also has not appeared in that action.

On August 20, 2018, Plaintiff filed a complaint against her former attorney in the Eastern District of New York, and on September 14, 2018, that court transferred the action here. *Henderson v. Sanders*, No. 18-CV-8473 (LTS) (BCM) (S.D.N.Y.). Plaintiff alleged in that action that Eric Sanders of The Sanders Firm, P.C., a New York law firm, committed legal malpractice by failing to prepare and file Plaintiff's lawsuit against GC. She claims the basis for jurisdiction in that action is the diversity of citizenship statute, 28 U.S.C. § 1332. According to this Court's docket, Sanders and his firm have not appeared or otherwise responded to the complaint.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint "should be short because '[u]nnecessary prolixity [wordiness] in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material

from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40 41-42 (quoting Fed. R. Civ. P. 8(a)(2)).

This complaint fails to comply with Rule 8 for several reasons. First, Plaintiff does not make a short and plain statement showing that she is entitled to relief. Rather, she submits a 239-page complaint prepared as a state-court filing with several exhibits. Because she submits a complaint captioned for a state court, she does not allege the basis of *this* Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) (requiring short and plain statement of grounds for court's jurisdiction). While the Court could guess – possibly diversity of citizenship jurisdiction, maybe federal question jurisdiction based on her claim that Defendants violated RICO's provisions – because the complaint is not drafted for a federal court, she fails to address this preliminary matter.

Second, also because she submits a state-court pleading, it is not at all clear whether Plaintiff already litigated this matter. Her pending litigation against her former lawyer indicates that The Sanders Law Firm did not file on her behalf a complaint against GC, but the submission she filed here, a well-drafted pleading, suggests that someone filed the complaint in state court.

In light of these issues, and Plaintiff's *pro se* status, the Court grants her leave to file an amended complaint as set forth below.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims. The Court strongly encourages Plaintiff to limit her amended complaint to no more than twenty (20) pages, as that length is more than adequate to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At this stage, Plaintiff is not required to attach all of her exhibits. The Court also strongly encourages Plaintiff to use the attached "Amended Complaint" form.

The Court also directs Plaintiff to state the basis of this Court's subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Because Plaintiff indicates that she and TD Bank are both New Jersey residents, and that she and a John Doe defendant are both Georgia residents, this Court does not have subject matter jurisdiction over her claims under the diversity statute. *See* 28 U.S.C. § 1332(a)(1). She therefore must assert facts in support of her claim that Defendants violated a federal law.[1]

The Court also directs Plaintiff to provide a procedural history of any related litigation in New York Supreme Court, Dutchess County.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

---

[1] Plaintiff refers to several federal statutes as the basis for this Court's subject matter jurisdiction, including Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). But if Plaintiff, as a franchisee, was an independent contractor, she would not be protected from discrimination under Title VII or the ADA. *See, e.g.*, *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 347-48 (S.D.N.Y. 2009) ("Because the relationship of 7–Eleven franchisees to 7–Eleven is that of an independent contractor plaintiff cannot be an employee for the purposes of Title VII or the ADEA."); *Attis v. Solow Realty Dev. Co.,* 522 F. Supp. 2d 623, 627 (S.D.N.Y. 2007) ("[P]laintiff is not covered by the ADA or the NYSHRL because she was 'an independent contractor,' and only employees, not independent contractors, are covered by those statutes.").

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-2878 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  May 3, 2019
        New York, New York

_____
        COLLEEN McMAHON
        Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name              Middle Initial      Last Name

_____

Street Address

_____

County, City                  State          Zip Code

_____

Telephone Number          Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State          Zip Code

Defendant 2:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State          Zip Code

Defendant 3:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State          Zip Code

Defendant 4: _____

    First Name               Last Name

    _____

    Current Job Title (or other identifying information)

    _____

    Current Work Address (or other address where defendant may be served)

    _____

    County, City          State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.