Sherrance Henderson
385 Highland Ave
Newark, NJ 07104

*Pro Se*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHERRANCE HENDERSON, | 19-CV-2878 (CM) |
| Plaintiff, | MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS AND TO AMEND ORIGINAL "COMPLAINT AND JURY DEMAND" IN ORDER TO RECTIFY THE NAME OF A DEFENDANT |
| vs. | |
| GOLDEN CORRAL SYSTEMS, INC., (corrected as "GOLDEN CORRAL FRANCHISING SYSTEMS, INC.") TD BANK, SMALL BUSINESS ADMINISTRATION, LANCE TRENARY, JHON CRIAG, NITRAL PETAL, ANTHONTY SEGRETTTI, JANE AND JOHN DOE, et al, | |
| Defendants | |

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Plaintiff Sherrance Henderson, *pro se,* moves this court through this Motion requesting the court to kindly grant Plaintiff an extension of time to serve Defendants Niral Patel and John Craig. In addition, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Plaintiff moves this court seeking permission to amend the originally filed "Complaint and Jury Demand" in order to rectify the legal name of one of the Defendants wrongly mentioned in the Complaint as "Golden Corral Franchising Systems Inc.". Its correct legal name is **"GOLDEN CORRAL FRANCHISING SYSTEMS, INC."**

## ARGUMENT IN SUPPORT OF REQUEST FOR EXTENSION OF TIME TO SERVE DEFENDANTS

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant . . . .". If, however, **"the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."** Fed. R. Civ. P 4(m). Moreover, even absent a showing of good cause, "a court has the discretion to grant an extension of time to serve the defendant." Hahn v. Office & Prof'l Emp. Int'l Union, AFL-CIO, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (citing Zapata v. City of New York, 502 F.3d 192, 196–197 (2d Cir. 2007)). Further, the applicable state law provides that the court may "upon good cause shown or in the interest of justice, extend the time for service. N.Y. CPLR § 306-b. Also the Second Circuit has a preference for resolving litigation disputes on their merits, Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995), warrants an extension of time to effectuate service pursuant to Federal Rules of Civil Procedure Rule 4(m). See Henderson v. United States, 517 U.S. 654, 658 n. 5 (noting that Rule 4(m) "permits a district

HENDERSON VS GC, TD BANK, ET AL

court to enlarge the time for service 'even if there is no good cause shown.'"). Plaintiff requests the court to allow him an extension of 45 days time to serve the two Defendants.

## ARGUMENT IN SUPPORT OF REQUEST TO ALLOW AMENDMENT OF COMPLAINT TO THE EXTENT OF RECTIFYING THE NAME OF A DEFENDANT

Rule 15(a) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The "liberality in granting leave to amend applies to requests to amend a complaint to add new parties." *Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007), *aff'd in part, vacated in part on other grounds*, 609 F.3d 467 (2d Cir. 2010). In interpreting Rule 15(a), the Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). Because it will promote the interests of justice and given the lack of undue prejudice to the current defendants of adding these new parties and related allegations, allowing amendment of the complaint is entirely in keeping with the liberal amendment policies of the Federal Rules of Civil Procedure as interpreted by the Second Circuit.

## ALLOWING AMENDMENT WILL SERVE THE INTERESTS OF JUSTICE

There is a well-established "presumption in favor of granting leave" to amend under Rule 15(a). See Sigmund v. Martinez, No. 06 CIV. 1043 RWS MHD, 2006 WL 2016263, at *1

HENDERSON VS GC, TD BANK, ET AL

(S.D.N.Y. July 13, 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also In re United Brands Co. Sec. Litig., No. 85 CIV. 5445 (JFK), 1990 WL 16164, at \*2 (S.D.N.Y. Feb. 15, 1990) ("[T]he Court begins with the presumption that the motion should be granted unless good reason exists to deny it."). Given the presumption that granting leave favors the interests of justice, "it is rare that such leave should be denied, especially when there has been no prior amendment." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). The interests of justice particularly favor granting leave in cases where plaintiffs seek to amend a complaint based on new and pertinent information gleaned during discovery.

Courts in this District have repeatedly followed this same principle, granting leave to amend where the movant has uncovered new evidence through discovery and acted on that information without undue delay. For instance, in *S.E.C. v. DCI Telecommunications, Inc.*, 207 F.R.D. 32, 33–34 (S.D.N.Y. 2002), the court granted the plaintiffs' motion to amend to add new facts learned approximately three months prior in discovery.

**ALLOWING AMENDMENT WILL NOT UNDULY PREJUDICE DEFENDANTS.**

Although a court may deny leave to amend if the defendant can make a sufficient showing of prejudice, "prejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is *"undue* prejudice to the opposing party.'" *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (quoting *Foman,* 371 U.S. at 182 (emphasis added in *A.V. by Versace*)).

Rectifying the name of the Defendant does not in any way cause "undue prejudice" to Defendant having correct legal name to be **GOLDEN CORRAL FRANCHISING SYSTEMS,**

HENDERSON VS GC, TD BANK, ET AL

1
2  **INC.** as opposed to what had been mentioned in the Complaint as GOLDEN CORRAL
3  SYSTEMS, INC.,
4
                              **CONCLUSION**
5
6  In view of the above, it is humbly requested that the Court may be pleased to grant this
7  MOTION allowing Plaintiff;
8
9       (a) a period of 45 days or any additional time as the court deems appropriate, to serve the
10 two defendants Niral Patel, John Craig; and
11
12      (b) to amend to original Complaint in order for him to rectify/correct name of a
13 Defendant from GOLDEN CORRAL SYSTEMS, INC., to **GOLDEN CORRAL**
14 **FRANCHISING SYSTEMS, INC.**
15
16 Dated: March 5, 2020
17
18
19                                              Sherrance Henderson
20                                                  Pro se
21
22
23
24
25
26
27
28

HENDERSON VS GC, TD BANK, ET AL

1
2

**CERTIFICATE OF SERVICE**

3    The undersigned hereby certifies that on March 5, 2020, the foregoing was filed with the Court,

4    and has sent a Notice to all parties of record.

5
6
7
8
9                                                        Sherrance Henderson
10                                                              Pro se
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HENDERSON VS GC, TD BANK, ET AL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

19-CV-2878 (CM)

SHERRANCE HENDERSON,

Plaintiff,

vs.

OPINION AND ORDER

GOLDEN CORRAL SYSTEMS, INC., TD
BANK, SMALL BUSINESS
ADMINISTRATION, LANCE TRENARY,
JHON CRIAG, NITRAL PETAL,
ANTHONTY SEGRETITI, JANE AND
JOHN DOE, et al,

Defendants

Nelson Ramon, Judge, Southern District of New York

Plaintiff Sherrance Henderson, pro se, brought the complaint against seven (7)

Defendants Golden Corral Systems, Inc., TD Bank, Small Business Administration Lance

Trenary, John Craig, Nitral Petal, Anthony Segretiti, and Jane and John Doe for breach of

contract, intentional infliction of emotional distress, Racketeer Influenced and Corrupt

Organizations Act (RICO) and violations of civil rights under 42 U.S.C. §1981 and §1985.

Presently before the Court is Plaintiff's motion for extension of time to serve defendants,

namely, Niral Patel and John Craig, and to amend original "complaint and jury demand" in order

HENDERSON VS GOLDEN CORRAL, TD BANK, ET AL - 1

Furthermore, Rule 15(a) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The "liberality in granting leave to amend applies to requests to amend a complaint to add new parties." *Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007), *aff'd in part, vacated in part on other grounds*, 609 F.3d 467 (2d Cir. 2010). In interpreting Rule 15(a), the Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). Because it will promote the interests of justice and given the lack of undue prejudice to the current defendants of adding these new parties and related allegations, allowing amendment of the complaint is entirely in keeping with the liberal amendment policies of the Federal Rules of Civil Procedure as interpreted by the Second Circuit.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an extension of time to serve two defendants Niral Patel, John Craig and to amend to original Complaint in order to rectify/correct name of a defendant from GOLDEN CORRAL SYSTEMS, INC., to GOLDEN CORRAL FRANCHISING SYSTEMS, INC., **IS GRANTED**.

HENDERSON VS GOLDEN CORRAL, TD BANK, ET AL - 3

to rectify the name of a defendant from "Golden Corral Systems, Inc." to "Golden Corral Franchising Systems, Inc." For the following reasons, Plaintiff's motion is GRANTED:

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the court can grant Plaintiff an extension of time to serve defendants. Furthermore, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the court can grant permission to a plaintiff to amend his complaint.

## DISCUSSION

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant . . . .". If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P 4(m). Moreover, even absent a showing of good cause, "a court has the discretion to grant an extension of time to serve the defendant." Hahn v. Office & Prof'l Emp. Int'l Union, AFL-CIO, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (citing Zapata v. City of New York, 502 F.3d 192, 196–197 (2d Cir. 2007)). Further, the applicable state law provides that the court may "upon good cause shown or in the interest of justice, extend the time for service. N.Y. CPLR § 306-b. Also the Second Circuit has a preference for resolving litigation disputes on their merits, Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995), warrants an extension of time to effectuate service pursuant to Federal Rules of Civil Procedure Rule 4(m).  See Henderson v. United States, 517 U.S. 654, 658 n. 5 (noting that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'").

1

2    Dated: March _____, 2020                                        SO ORDERED:

3                                                                    _____

4                                                                    Honorable Judge Nelson Ramon

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     HENDERSON VS GOLDEN CORRAL, TD BANK, ET AL - 4

