RECEIVED
JAN 07 2021
NELSON S. ROMAN
U.S. DISTRICT JUDGE
S.D.N.Y.

Docket in case # 19 CV/CR 2878
As: Letter from Plaintiff
Date: 1/7/2021

Sherrance Henderson
385 Highland Avenue
Newark, NJ 07104
December 22, 2020

Hon. Nelson S. Roman
Judge's Chambers
300 Quarropas Street
White Plains, NY 10601

RE: Henderson v. Golden Corral Systems, Inc. et al
1:19-cv-02878 | SDNY

Dear Judge Roman,

I am the pro se Plaintiff in the above-captioned matter.

As the record before the Court reflects, the United States Marshall's Service was directed to effect service upon Defendant Niral A. Patel. To date, the Marshall's service has been unable to effect service as the are unable locate Mr. Patel.

I am diligently seeking Mr. Patel's home address for service of process. While my financial resources are significantly limited, I will retain a private investigator and/or skip tracing service if ultimately required.

Based upon the forgoing, and in according with Rule 4(m) of the Federal Rules of Civil Procedure, the undersigned respectfully requests an additional extension of time to serve Defendant Niral A. Patel.

Respectfully,

Sherrance Henderson

cc:  Selina Miriam Ellis, Esq.
     George J. Calcagnini, Esq.
     Denise Plunkett, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/2021

Sherrance Henderson
385 Highland Avenue
Newark, NJ 07104
sherrancehenderson@gmail.com
(email not for service of process)
December 16, 2020

Selina Miriam Ellis, Esq.
Three Gateway Center
100 Mulberry Street
Ste 15th Floor
Newark, NJ 07102
Via US Mail and Email: sellis@walsh.law

George J. Calcagnini, Esq.
376 Route 202
Somers, NY 10589
Via US Mail and Email: gcalcagnin@aol.com

Denise Plunkett, Esq.
1675 Broadway, 19th Floor
New York, NY 10019
Via US Mail and Email: plunkettd@ballardspahr.com

                          RE:    Henderson v. Golden Corral Systems, Inc. et al
                                  1:19-cv-02878 | SDNY
                                  Plaintiff's Response/Opposition

Dear Sir/Madam,

      Pursuant to the Orders of Hon. Nelson S. Roman, enclosed herein please find Plaintiff's responses to Defendants' pending motions to dismiss. Courtesy copies of the enclosed will also be provided by email.

                                                Sincerely,

                                                Sherrance Henderson

    Enc.

                                                                Hamid James

                                                                December 16, 2020

[Notary seal: HAMID JAMES, NOTARY, MY COMMISSION EXPIRES 1-8-9?0?, STATE OF NEW JERSEY]

HONORABLE NELSON S. ROMÁN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERRANCE HENDERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>GOLDEN CORRAL FRANCHISING SYSTEMS, INC, TD BANK, SMALL BUSINESS ADMINISTRATION, LANCE TRENARY, JOHN CRAIG, NITRAL PETAL, ANTHONY SEGRETITI AND JANE AND JOHN DOE, et al.<br><br>    Defendants | Civil Action No. 19-CV-2878<br><br>**AFFIDAVIT OF SHERRANCE HENDERSON IN SUPPORT OF DEFENDANT TD BANK'S, LANCE TRENARY'S AND ANTHONY SEGRETITI'S MOTION TO DISMISS AND IN OPPOSITON TO DEFENDANT GOLDEN CORRAL FRANCHISING SYSTEM, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT.** |

I, Sherrance Henderson, being of lawful age and being first duly sworn, deposes and states the following:

1. I make this affidavit upon personal knowledge. I am an adult competent to make this affidavit.

2. I am the pro se Plaintiff in this matter. I am not an attorney and have no formal legal training. I am, however, fully familiar with the facts and circumstances set forth herein.

Plaintiff's Affidavit in Opposition to
Defendant Golden Corral Franchising System, Inc.'s Motion to Dismiss
Page **1** of **7**

3. I make this affidavit in response to Defendant TD Bank's, Lance Trenary's and Anthony Segreti's[1] Motion to Dismiss. It is respectfully requested that the Court dismiss all claims against TD Bank, Lance Trenary and Anthony Segreti without prejudice.

4. I also make this affidavit in response to Defendant Golden Corral Franchising System, Inc's Motion to Dismiss Plaintiff's Complaint. It is respectfully requested that the Court dismiss Plaintiff's First, Second and Fifth Causes of Action against Golden Corral Franchising System, Inc. without prejudice.

5. It is further submitted that Golden Corral Franchising System, Inc's Motion to Dismiss the Third (Breach of Contract) and Fourth (U.S.C. 1981 and 1985) Causes of Action within Plaintiff's Complaint should be denied.

## Legal Standard

6. When deciding a motion to dismiss, the Court takes the facts as alleged in the complaint to be true and must draw all reasonable inferences from those facts in favor of the Plaintiff. See *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir.1989). A court must not dismiss a complaint "unless it appears **beyond doubt** that the plaintiff can prove no set of facts

---

[1] Defendant Segreti's name was misspelled as "Segretiti" within the caption of the underlying Complaint.

Plaintiff's Affidavit in Opposition to
Defendant Golden Corral Franchising System, Inc.'s Motion to Dismiss
Page 2 of 7

in support of [its] claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) (citations omitted) (emphasis added).

7. The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### Point I.
**Defendant's papers fail to establish, beyond doubt, that the Plaintiff can prove no set of facts in support of a claim which would entitle Plaintiff to relief.**

8. As set forth within Plaintiff's Amended Complaint, in or about March of 2013, Defendant Golden Corral Systems, Inc. provided Plaintiff with a written Franchise Disclosure Document ("FDD").

9. Also as set forth within Plaintiff's Amended Complaint, within the FDD, and within other written and oral communications with Plaintiff, Defendant Golden Corral Systems, Inc. made verbal and written representations and warranties regarding training, personnel services and other support to be provided by Defendant Golden Corral Systems, Inc.

Plaintiff's Affidavit in Opposition to
Defendant Golden Corral Franchising System, Inc.'s Motion to Dismiss
Page 3 of 7

10. As set forth within Defendant Golden Corral Systems, Inc.'s papers, Plaintiff did assign her rights in connection with her Golden Corral Franchise to her holding company, Cornucopia Queen, Inc., or about July 31, 2015.

11. Following the July 31, 2015 assignment, Defendant Golden Corral Systems, Inc. continued to make verbal and written representations and warranties to Plaintiff regarding training, personnel services and other support to be provided by Defendant Golden Corral Systems, Inc.

12. Defendant Golden Corral Systems, Inc. made these representations and warranties directly to Plaintiff with full knowledge that Plaintiff would act in reliance upon the representations and warranties.

13. As set forth within Plaintiff's papers, in reliance upon the afore-referenced representations and warranties of Defendant Golden Corral Systems, Inc., Plaintiff personally guaranteed a loan in excess of $3,600,000.00 to Assignee Cornucopia Queen, Inc. on or about December 22, 2015.

14. As also set forth within Plaintiff's papers, in reliance upon the afore-referenced representations and warranties of Defendant Golden Corral Systems, Inc, Plaintiff personally invested sums in excess of One Million Dollars in Assignee Cornucopia Queen, Inc.

Plaintiff's Affidavit in Opposition to
Defendant Golden Corral Franchising System, Inc.'s Motion to Dismiss
Page 4 of 7

15. By and through her Amended Complaint, Plaintiff alleges facts which, if true, would demonstrate that Defendant Golden Corral Systems, Inc, failed to provide the training that it stated it would do in the franchise agreement, failed to provide support and/or continuing assistance as to the franchise, failed to provide the services, assistance and/or products promised in the FDD, terminated the Franchise Agreement without good cause and failed to act in good faith with its dealings with franchisee.

16. Plaintiff's papers allege facts which support plausible causes of action including detrimental reliance, fraud, fraud in the inducement and breach of contract as well as damages proximately caused by same.

17. Also by and through her Amended Complaint, Plaintiff alleges facts which, if true, would demonstrate that Defendant Golden Corral Systems, Inc. acted in violation of 42 U.S.C. 1981(c) by discriminating against Plaintiff on account of her race and gender and by disparately treating her compared to white and male franchise owners. Plaintiff's Amended Complaint also alleges facts which, if true, would demonstrate that Defendant Golden Corral Systems, Inc. discriminated against non-party Cornucopia Queen, Inc., in violation of 42 U.S.C. 1981(c), to the detriment of Plaintiff.

Plaintiff's Affidavit in Opposition to
Defendant Golden Corral Franchising System, Inc.'s Motion to Dismiss
Page 5 of 7

## Point II.

**In the event that the Court finds Plaintiff's Complaint to be legally insufficient due to a defect in her pleadings, it is respectfully requested that the Court grant Plaintiff leave to amend.**

18. Rule 15(a)(2) of the Federal Rules of Civil Procedure applies to amending pleadings once the time to do so as a matter of right has expired. It states, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. FED. R. CIV. P. 15(a)(2). Courts have construed this rule liberally and have said that "the ... purpose of Rule 15 is to allow a party to correct an error that might otherwise prevent the court from hearing the merits of the claim." See Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000).

19. In the Second Circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). A court should deny leave to amend only "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citations omitted).

20. Within the instant matter, it is respectfully submitted that justice would so require leave to amend any pleading defect, including improperly characterized claims, within Plaintiff's Complaint.

Plaintiff's Affidavit in Opposition to
Defendant Golden Corral Franchising System, Inc.'s Motion to Dismiss
Page 6 of 7

**Wherefore,** based upon the foregoing, the undersigned respectfully requests that the Court grant the relief set forth herein.

_____

Sherrance Henderson

Pro Se Plaintiff


Sworn to before me this _____ day of _____, 20____.

_____
              Notary Public

Plaintiff's Affidavit in Opposition to
Defendant Golden Corral Franchising System, Inc.'s Motion to Dismiss
Page 7 of 7

